### PORTER, Price Adm'r, OPA, v. VILLARI, et al.

### No. 9040.

Circuit Court of Appeals, Third Circuit.

Argued May 20, 1946.

Decided July 9, 1946.

C. Brewster Rhoads and Frank F. Truscott, both of Philadelphia, Pa., (C. Russell Phillips, Arthur Edward Dennis, George D. Kline, and Richard E. McDevitt, all of Philadelphia, Pa., and Montgomery, McCracken, Walker & Rhoads, of Philadelphia, Pa., on the brief), for appellants.

Samuel Rosenwein, of Washington, D.C. (George Moncharsh, Deputy Admr. for Enforcement, Milton Klein, Director, Litigation Div., and David London, Chief, Appellate Branch, OPA, all of Washington, D. C., Robert J. Callaghan, Dist. Enforcement Atty., and Walter N. Moldawer, Chief, Food Enforcement Atty., OPA, both of Philadelphia, Pa., on the brief), for appellee.

Before MARIS, GOODRICH and McLAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from the judgment of the District Court enjoining certain acts by defendants and awarding a money judgment in favor of the plaintiff, on behalf of the United States, against some of the parties. The action was brought by the Administrator on behalf of the United States and his claim alleged violation of regulations pertaining to the sale of meat. The defendants appeal.

The set of facts out of which the case develops may be summarized as follows. Samuel Villari was what is known as a nonprocessing slaughterer of meat in the Philadelphia area. He owned a small plant with appurtenant equipment. During the war he

concluded that the margin between what he paid for cattle on the hoof and the price he was permitted to charge his retail merchant customers was too small to permit him to do business at a profit. On the advice of his lawyer, his customers were advised that he, Villari, was going to cease to do business and the suggestion was made at a meeting of the customers, called for the purpose, that a cooperative corporation be formed to buy animals, have them slaughtered and thus secure to the participants in the Cooperative a more regular supply of meat.

The suggested plan was adopted. Merchant members of the "Moore Street Retail Meat Cooperative Association" subscribed for shares in amounts approximately based on their expected needs for beef. Villari and his sons were employed to run the business and a sum fixed for the rental price of Villari's premises to the Cooperative. Villari, it will be noted, had for himself and his family group a guaranteed income out of this arrangement. The arrangement, moreover, was terminable 15 days after notice, so that he could withdraw whenever conditions became favorable. After a few weeks of operation the capital funds of the Cooperative were nearly exhausted because it met the same difficulty which had confronted Villari, plus the necessary additional payments made to perform the contract with him. Members, or most of them, put up more money in the form of a loan to the Cooperative, which later was turned into a share subscription. Later still, another share subscription was had and, still later, the whole plan was attacked by the OPA in the action brought in the District Court, the appeal from which is now before us.

The appellants' case has been presented with great earnestness and we have carefully examined a very long record to make sure that the facts developed in testimony bear out the conclusions of the trial judge. The appellants have two points. One is a point of law in which they attack the validity of the regulation on which the action was based. Their argument here is not a new one. It is completely disposed of by the decision of this Court in United States v. Mutarielli, 3 Cir., 1945, 151 F.2d 925, and the discussion need not be repeated.

The remaining questions are factual. The District Judge in very complete findings of fact and an opinion discussing them, drew several conclusions on which his decree against the defendants was founded. He found, for instance, that the supervision of the Cooperative over the business, following the Cooperative's organization, was only perfunctory. He found that the members of the Cooperative purchased meat in proportion to the amounts which each had invested (the exceptions to this practice to which our attention has been called does not impair the validity of the general finding). He found that where, on an early audit, certain shareholders had received meat in excess of their proportionate investment in the Cooperative, that these dealers immediately purchased additional shares. As the balance in the treasury got low and additional money was called for from the members, the Trial Court found that some members who did not purchase additional shares were made to understand that they were no longer to participate as members. Finally, he concluded, as a fact, that the members of the Cooperative subscribed to the stock and reinvested additional capital solely for the purpose of obtaining a steady volume of meat not available in normal channels of business. He concluded, too, that the Cooperative was, in fact, organized by Samuel Villari for the purpose of selling dressed meats to his customers in such a manner as to obtain for Villari cost and a net return at a price over the lawful ceiling prices.

It is not incumbent upon this Court, any more than it was the District Court, to make pronouncements upon the national policy represented in the statute and regulations under which this action was brought. They were part of a wartime program and it may be admitted that the impact of regulations of this kind, in particular cases, may cause hardship. The trial Judge took all this into consideration as well as the fact that the Cooperative was organized under legal advice and that there was no charge that the consuming public

paid more than ceiling prices for the meat its members bought from the dealers in this Cooperative. He, therefore, did not award the triple damages which he was empowered to do under the law if he thought the case called for such a drastic measure. That the testimony as developed from the various witnesses supported the conclusions reached by the trial Judge about this enterprise, we have not the slightest doubt. The appellants do not make the issue clearer by repudiating a fancied charge of fraud. The court did not find that anybody was fraudulent nor did it find that anybody was lying. It found that a device adopted by certain persons to buy beef, dress and market it, was a violation of a regulation promulgated under wartime legislation. The facts adequately support the finding and that is all there is to the case.

The judgment must be affirmed. The events subsequent to the submission of the case to this Court do not, we take it, affect the money judgment. See Emergency Price Control Act of 1942, as amended, § 1(b), 50 U.S.C.A.Appendix, § 901(b). If points raised in the prayers for injunctive relief have, because of these events, become moot in the opinion of the parties, modification may be applied for in the District Court.

Affirmed.